THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA, Plaintiff-Appellee,

v.

PATRICK ELLIOT PEARSON, Defendant-Appellant

Case No. 21-30270

**Redacted**

**REPLY BRIEF OF APPELLANT**

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

HONORABLE WM. Fremming Nielsen

United States District Judge-Senior

Dan B. Johnson-WSBA #11257
CJA Attorney appointed
1312 N. Monroe Street, Suite 248
Spokane, WA    99201
Telephone (509) 483-5311
E-Mail- danbjohnsonlaw@gmail.com

Bret Uhrich- WSBA #45595
CJA Attorney-appointed
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
Telephone: (509) 735.4444
E-Mail- buhrich@walkerheye.com

## TABLE OF CONTENTS

                                                                                                                    <u>Page</u>

TABLE OF AUTHORITIES……………………………………..……………ii

I.      INTRODUCTION……………...…………..………………………….…1

II.     ARGUMENT

      A. The Request For A Franks Hearing Was Not Moot Because The Request For A Franks Hearing Was Included In The Motion To Suppress Considered By the Court…………………………………...2

      B. The Trial Court Erred By Granting The TT1 And TT2 Wiretaps Because The Application Omits The Known Lead Into Luis Farias-Cardenas' Source Of Narcotics Supply When Purportedly Not Knowing "Where and From Whom The Controlled Substances Are Coming…"……………………………………………………………3

      C. The United States Is Correct That Reversal Of Decision To Suppress The Wiretap Would Only Necessitate Reversal Of Count 1………5

      D. The Court Reviews The Trial Court's Stated Basis For An Evidentiary Ruling, Not Just The Objection Made By Counsel, And The Trial Court Erred By Ruling That The Gang Affiliation Evidence Was Admissible Under The Doctrine of Curative Admissibility. …………………………………………………………….5

III.    CONCLUSION……………………………………………………....…7

IV.    CERTIFICATION OF RELATED CASES…………………....…….……8

V.     CERTIFICATE OF COMPLIANCE…………..………………….............8

VI.   CERTIFICATE OF SERVICE OF BRIEF…………………....…….……8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

### Supreme Court Opinions

*Franks v. Delaware*, 438 U.S. 154, 171 (1978)……………….…………………..2

### Federal Court Opinions

*United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002)…..…………..2

*United States v. Stanert*, 762 F.2d 775, 780 (9th Cir.), amended, 769 F.2d 1410 (9th Cir. 1985)……………………………………….………………...3

*United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980)…….….………...3

*United States v. Whittemore*, 776 F.3d 1074, 1077 (9th Cir. 2015)…………………..6

*United States v. Lukashov*, 694 F.3d 1107, 1114 (9th Cir.2012)……………………..6

**REGULATIONS**

**RULES**

Fed. R. Evid. 404(b)(3)(B)……………………………………….…………………6

## I. INTRODUCTION

The Court should reverse Pearson's conviction in regard to conspiracy to distribute heroin and methamphetamine because the trial court erred by not suppressing the evidence obtained pursuant to the wiretap applications. ███ ████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████ In the alternative, the trial court erred by not ordering a *Franks* hearing to investigate the omission from the wiretap applications. The request for a *Franks* hearing was not waived. The trial court determined that an independent motion for a *Franks* hearing was moot because the request for a *Franks* hearing was subsumed in the motion argued before the court.

  The Court should further reverse in regard to Counts 2 & 3 because the trial court abused its discretion by allowing testimony regarding Pearson's gang affiliation under the doctrine of curative admissibility. In its response, the United States attempts to recast the trial court's basis for allowing the evidence in a manner that is contrary to the record. The evidence of gang affiliation was highly prejudicial and counsel for Pearson did not open the door to this testimony by asking about information already elicited by the United States on direct examination.

## II. ARGUMENT

### A. The Request For A *Franks* Hearing Was Not Moot Because The Request For A Franks Hearing Was Included In The Motion To Suppress Considered By the Court.

The Court should conclude that the request for a *Franks* hearing in regard to the material omission in the TTI and TT2 wiretap applications was not moot. As set forth in the record, the Court concluded that the motion for a *Franks* hearing filed under ECF 467 was moot. *1-ER-12*. This is because the motion to suppress considered by the trial court under ECF 469 also included a request for a Franks hearing. *7-ER-1457-64*. This is demonstrated by the trial court's order concluding "ECF No. 467, is DENIED AS MOOT" while "ECF No. 469 is DENIED for the reasons stated at the hearing." *1-ER-12*.

The logical reading of the record is that the independent motion for a *Franks* hearing was subsumed in the motion that was considered by the trial court. A *Franks* hearing serves the purpose of allowing the accused to develop a record that demonstrates that an omission or falsity in the application is material and whether the omission or falsity was undertaken intentionally or in reckless disregard of the truth. *See United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Where the basis for suppression is a falsity or material omission, the accused must make a "a

substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir.), amended, 769 F.2d 1410 (9th Cir. 1985) (*quoting United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980) (internal quotations omitted). Suppression of the TTI and TT2 evidence would have been unlikely to occur without a *Franks* hearing. Which is why the motion that was considered by the trial court included the request. As a result, the Court should conclude that the request for a *Franks* hearing was not waived.

    **B.    The Trial Court Erred By Granting The TT1 And TT2 Wiretaps Because The Application Omits The Known Lead Into Luis Farias-Cardenas' Source Of Narcotics Supply When Purportedly Not Knowing "Where and From Whom The Controlled Substances Are Coming…".**

The Court should conclude that the trial court erred in granting the TTI and TT2 wiretaps. As the United States appears to concede, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

However, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

██████. ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ As the trial court noted in denying the motion to suppress, [t]here was extensive police work over a many-month period of time investigating this case down in the Grant County area primarily." *1-ER-36*. It strains the bounds of credulity to suggest that the investigatory lead into the supply of narcotics was at a dead-end because law enforcement did not ████████████████████████████████████████. *See Appellee's Br., pg. 20*. And based on the application and record evidence accumulated prior to the applications, it appears ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████. And while the United States notes that two of Luis Farias-Cardenas' uncles were ultimately identified as sources of narcotics to the conspiracy, ████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████.

The wiretap applications in this case demonstrate the difference between explaining the deficiencies and limitations of alternative investigative activities in

4

the abstract versus the specific context. By completely omitting reference to . When coupled . As a result, the trial court erred by failing to suppress the information obtained through the TT1 and TT2 wiretaps.

    **C.**    **The United States Is Correct That Reversal Of Decision To Suppress The Wiretap Would Only Necessitate Reversal Of Count 1.**

In the Appellee's brief, the United States argues that suppression of the wiretap applications would not affect the guilty verdict as to Counts 2-4. *Appellee's Br., pg. 22*. For the sake of clarity, this is correct. While other errors asserted through this appeal may effect the guilty verdict as to some of these Counts, this specific error would only necessitate reversal in regard to Count 1.

    **D.**    **The Court Reviews The Trial Court's Stated Basis For An Evidentiary Ruling, Not Just The Objection Made By Counsel, And The Trial Court Erred By Ruling That The Gang Affiliation Evidence Was Admissible Under The Doctrine of Curative Admissibility.**

The Court should conclude that the trial court erred by admitting evidence of Pearson's gang affiliation under the doctrine of curative admissibility. In its brief,

5

the United States focuses on the objection made by counsel for Pearson under ER 403. *Appellee's Br., pg. 48-50*. However, the Court reviews the trial court's "evidentiary rulings for abuse of discretion" *United States v. Whittemore*, 776 F.3d 1074, 1077 (9th Cir. 2015) (*citing United States v. Lukashov*, 694 F.3d 1107, 1114 (9th Cir.2012)) (emphasis added). The evidentiary ruling by the trial court is the ruling for review, not the objection. In this case, the record is clear that the trial court adopted the basis for admissibility argued by the United States:

> MS. BAUNSGARD: Your Honor, they opened the door very clearly with their examination and their cross examination of Mr. Chastain.
> THE COURT: Go ahead. I think that's -- I think that's true.

*5-ER-976*. Further, as the amendments to the Rules of Evidence demonstrate, the prosecution is required to give advanced notice and the alternative admissibility basis for evidence under Fed. R. 404(b). Fed. R. Evid. 404(b)(3)(B). In this case, the United States chose to draw the sting on Kevin Chastain's white supremacist affiliation. *4-ER-961-62*; *SER-4*. The United States opened its own door to the evidence that its notice made contingent upon impeachment of Chastain's white supremacist affiliation. This was the basis accepted by the trial court and it was error. As a result, the Court should conclude the trial court abused its discretion by allowing evidence of Pearson's gang affiliation.

6

## III. CONCLUSION

For the foregoing reasons, the Court should reverse the District Court's judgment and remand this case for a new trial on Counts 1-3. As the United States appears to agree, suppression of the Wiretap evidence would not be harmless as to the Count for conspiracy to distribute methamphetamine and heroin. The Court should further reverse and remand as to Counts 2 & 3 because the trial court erred in allowing testimony regarding Pearson's gang affiliation under the doctrine of curative admissibility.

RESPECTFULLY SUBMITTED this 22nd day of November, 2023.

s/ DAN B. JOHNSON
Attorney for Defendant-Appellant
1312 N. Monroe Street, Suite 248
Spokane, WA 99201
(509) 483-5311

s/ Bret Uhrich- WSBA #45595
CJA Attorney-appointed
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
Telephone: (509) 735.4444
E-Mail- buhrich@walkerheye.com

## IV. <u>CERTIFICATION OF RELATED CASES</u>

Undersigned counsel is not aware of any "related cases" within the meaning of Circuit Rule 28-2-6.

Dated: November 22nd, 2023.
s/Bret Uhrich

## V. <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the length limits set forth at Ninth Circuit Rule 32-1. The Brief is 1,517 words, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The Brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Dated: November 22nd, 2023.
s/Bret Uhrich

## VI. <u>CERTIFICATE OF SERVICE OF BRIEF</u>

I hereby certify that I electronically filed the foregoing documents with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 22nd, 2023. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing documents. Including the Opening

8

Brief of Appellant, and Volumes One and Two of the Excerpts of Record, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

> Mr. Patrick E. Pearson- 21445-085
> FCI FORREST CITY MEDIUM
> FEDERAL CORRECTIONAL INSTITUTION
> PO BOX 3000
> FORREST CITY, AR  72336
>
> Dated: November 22, 2023.

>>> s/Bret Uhrich
>>> Attorney for Appellant

9